UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MELISSA R. NAPER,

                Appellant-Debtor,

                                            CIVIL CASE NO. 06-10378
v.                                         BANKRUPTCY CASE NO. 05-89520

KRISPEN CARROLL, Chapter 13 Trustee for    HONORABLE PAUL V. GADOLA
the Bankruptcy Estate of Melissa Naper,       U.S. DISTRICT COURT

                Appellee.
_____/

## ORDER DENYING APPELLANT'S MOTION FOR LEAVE TO APPEAL

Before the Court is Appellant-Debtor Melissa Naper's motion for leave to appeal pursuant to 28 U.S.C. § 158. Appellee-Creditor Aames Funding Corp. d/b/a/ Aames Home Loan filed an objection to Appellant's motion for leave to appeal. For the following reasons, the Court denies Appellant's motion.

**I.**    **Background**

Melissa Naper ("Appellant") solely executed a mortgage in favor of Aames Funding Corp. d/b/a Aames Home Loan ("Aames") on April 14, 2004, securing a loan to purchase her home in the amount of $72,000. Appellant did not make her first mortgage payment nor has she made any mortgage payments as of the date of the filing of Aames's objection to Appellant's motion. Because of Appellant's non-payment, Aames scheduled no less than three foreclosure sales on Appellant's residence. The first sale was scheduled for December 15, 2004, but was terminated when Appellant assured Aames that she would begin making payments. These payments never happened. Aames commenced foreclosure proceedings a second time and scheduled a sale of Appellant's home for

May 4, 2005.  After learning of the second foreclosure sale date, Appellant filed for bankruptcy protection on April 27, 2005, eight days prior to the scheduled foreclosure sale.  Appellant was the sole petitioner on her bankruptcy petition.

On August 10, 2005, Appellant met with the bankruptcy trustee.  At that meeting, Appellant claimed that she had made the required payments to the trustee in full.  Appellant's creditors agreed to allow time for Appellant's alleged payments to post to her account.  When her promised payments never posted, her bankruptcy case was dismissed on September 22, 2005.

Aames initiated its third foreclosure proceedings against Appellant's residence and scheduled a foreclosure sale for November 23, 2005.  Appellant then filed her second and current chapter 13 bankruptcy petition one day prior to the foreclosure sale on November 22, 2005.

Appellant's second bankruptcy petition was filed after the beginning date of the Bankruptcy Prevention and Consumer Protection Act of 2005, which became effective on October 17, 2005.  Therefore, Appellant is subject to the newly adopted provisions of 11 U.S.C. § 362(c)(3).  Since Appellant's filing of the bankruptcy petition created a stay for only 30 days, Appellant filed a motion to extend the stay pursuant to § 362(c)(3).  The bankruptcy court can extend the stay if the bankruptcy petition is filed in good faith.  Section 362(c)(3), however, creates a presumption that a second bankruptcy petition filed within a year of the first petition is filed in bad faith.  Appellant can overcome this presumption by "clear and convincing" evidence that the case was filed in good faith.  11 U.S.C. §362(c)(3).  This can be done by demonstrating that there has been a substantial change in Appellant's personal or financial affairs.

In this case, after a hearing on the matter, the bankruptcy court found that Appellant had failed to meet the burden of clear and convincing evidence and had thus failed to show that

Appellant's claim was filed in good faith. Therefore, the bankruptcy court denied Appellant's request for an extension of the 30-day stay.

**II.     Analysis**

"On appeal from the judgment of the bankruptcy court, a district court reviews the bankruptcy court's findings of fact under the clearly erroneous standard but reviews *de novo* the bankruptcy court's conclusions of law." *Nicholson v. Isaacman (In re Isaacman)*, 26 F.3d 629, 631 (6th Cir. 1994).

Appellant argues that the bankruptcy court erred in denying her request for an extension of the 30-day stay against Aames. Appellant claims that she should have been granted the extension because she demonstrated by clear and convincing evidence that a substantial change had occurred in her financial and personal affairs, and thus, her present bankruptcy petition was filed in good faith. Appellant bases her claims on the fact that her live-in boyfriend was severely burned in a work-related accident, and because he is her sole source of income, she was initially unable to make her payments. She further claims that her boyfriend has recovered from his injury and found new employment with increased pay, and therefore, she can now meet her financial obligations. Consequently, Appellant argues that she has had a substantial change in her personal and financial affairs and that her petition was filed in good faith.

In response, Aames argues that Appellant has failed to provide sufficient evidence that her financial or personal affairs have substantially changed to overcome the presumption of bad faith for Appellant's second bankruptcy filing. Aames notes that Appellant has remained and continues to remain unemployed and is not seeking employment. Aames also argues that Appellant's financial situation has become more dire because she recently gave birth, and therefore, her expenses

would increase instead of decrease. Aames further argues that Appellant's boyfriend has no legal relationship or obligation to pay Appellant's financial obligations even though he is allegedly willing to do so. Lastly, Aames argues that even if Appellant's boyfriend's injury prevented Appellant from making her required payments, her boyfriend's injury lasted only two months, and that this injury cannot be used as an excuse for non-payment of Appellant's payment obligations prior to the injury.

After a review of the record, the Court finds that the bankruptcy court's ruling was not clearly erroneous. The fact that Appellant's boyfriend now has new employment is insufficient to demonstrate that Appellant's financial situation has substantially changed. Accordingly, the bankruptcy court did not err by denying Appellant's request to continue the stay.

### III. Conclusion

Appellant has not met her burden and has failed to show that the bankruptcy court erred in denying Appellant's request for an extension of the 30-day stay.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Appellant's motion for leave to appeal [docket entry 2] is **DENIED**.

**SO ORDERED.**

Dated:   October 16, 2006    s/Paul V. Gadola
　　　　　　　　　　　　　　　　　　　　　HONORABLE PAUL V. GADOLA
　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on   October 16, 2006  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:
_____ , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: _____ Brett A. Border ; Honorable Steven W. Rhodes; U. S. Bankruptcy Court_____ .

                                                s/Ruth A. Brissaud_____
                                                Ruth A. Brissaud, Case Manager
                                                (810) 341-7845